IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CEDRIC ANDERSON,                    :
AIS #198757                         :
    Plaintiff,               :
                             :
vs.                                 :        CIVIL ACTION 15-113-KD-M
                             :
OFFICER THOMAS,                     :
    Defendant.               :
                             :

REPORT AND RECOMMENDATION

This action under 42 U.S.C. § 1983 brought by an Alabama prison inmate, Cedric Anderson, proceeding *pro se* and *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Complaint (Doc. 1), and Defendant Christopher Thomas' Answer and Special Report. (Docs. 14, 15). The Court has converted these documents into a Motion for Summary Judgment (Doc. 16), and, after consideration of such, and for the reasons set out below, it is recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's action be dismissed with prejudice.

I.   FACTS AND PROCEEDINGS

Plaintiff is an Alabama Department of Corrections ("ADOC") inmate, currently serving a twenty-year sentence

for manslaughter and sexual abuse in the second degree at
Fountain Correctional Facility.  (Doc. 1 at 6).  As the
only defendant, Plaintiff names Officer Christopher Thomas
("Defendant Thomas").  (Doc. 1).  On March 15, 2014,
Plaintiff contends he was attacked by another inmate, David
Pogue, and that Defendant Thomas failed to protect him from
said attack.  Plaintiff states that he was "stabbed in
[the] left eye, and prior to this inmate attacking me, he
had warned Officer Thomas that he was going to attack me,
and this officer did nothing to protect me from this
assault by the inmate, which as a result I have lost sight
in my left eye, and have had numerous doctor appointments
with specialist[s] and had surgery performed on my eye
which I still cannot see out of with clarity, and all the
officer had to do was protect me from the attack and warn
me of the threat of attack from the inmate, but did
neither."  (Doc. 1 at 4-5).

For relief, Plaintiff requests an "award [for]
monetary damages for the deliberate disregard to my safety,
and the failure to protect me from assault.  Punitive and
compensatory damages sought."  (*Id*. at 7).

Defendant Thomas filed his Answer and Special Report
denying Plaintiff's allegations and pleading the defenses
of, *inter alia,* immunity, contributory negligence, unclean

hands, and assumption of the risk.  (Doc. 14).  Defendant's
Special Report states that on March 15, 2014, Defendant was
assigned to I-Dorm, and around 1:15 a.m., inmate David
Pogue approached Defendant and stated, "[c]all the code.  I
just hit a dude in the face with a broom."  (Doc. 15-1 at
2).  Inmate Pogue then entered I-Dorm's TV room and broke a
broom.  (*Id.*).  Defendant immediately radioed for
Correctional Lieutenant Quentin Curry to report to I-Dorm.
Around 1:17 a.m., Lieutenant Curry, Sergeant Brazwell and
Officer Hadley entered I-Dorm.  Defendant reported the
incident to Curry, and Hadley gave inmate Pogue a direct
order to give Officer Hadley the broom handle, which he
did.  (*Id.*).  Curry questioned Pogue who explained that
Pogue hit Plaintiff with a stick because Plaintiff woke him
up and threatened him with a knife.  (*Id.*).  Pogue was then
escorted to the shift office, and all other inmates were
given a loud verbal command to get on their assigned bed.
(*Id.*).  All inmates complied, and the officers searched for
Plaintiff by following a trail of blood drops on the left
side of I-Dorm.  Plaintiff was found on bed 38A holding a
white cloth to his face.  (*Id.*).

　　　Plaintiff was escorted to the Health Care Unit for
treatment.  Around 1:35 a.m., Curry took photos of the
blood droplets on the floor, then entered the Health Care

Unit to question Plaintiff. (*Id.*).  Plaintiff did not make an oral statement about the incident and refused to submit a written statement as well. (*Id.*).  At 1:46 a.m., a medical assessment of Plaintiff was completed and the nurse informed Curry that Dr. Iliff concluded that Plaintiff needed to be transported by state vehicle to Atmore Community Hospital. (*Id.*).  Plaintiff was taken to the hospital and the on-call warden was notified of the events. Inmate Pogue was not injured during the events, and after a medical assessment, he was released to ADOC for segregation placement. (*Id.* at 3).

## II.  SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary judgment, the Court begins with the following basic principles.  The Federal Rules of Civil Procedure grant this Court authority under Rule 56 to render "judgment as a matter of law" to the party who moves for summary judgment. FED.R.CIV.P. 56(a).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the evidence produced by "the nonmoving party, and all factual inferences arising from

4

it, in the light most favorable to" that party.  *Barfield v. Brierton*, 883 F.2d 923, 934 (11th Cir. 1989).  However, Rule 56(e) states that:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED.R.CIV.P. 56(e).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted).  "Summary judgment is mandated where a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007).

5

Also, it is well settled that a conclusion cannot be taken as true, and the Court will not accept conclusory allegations as facts in consideration of a motion for summary judgment. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)("[t]his court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)(a plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment).

## III. DISCUSSION

As set out above, Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for the injury he received on March 15, 2014, by inmate Pogue who was allegedly able to attack him due to Defendant Thomas' failure to protect Plaintiff from such an attack.  Though Plaintiff does not specifically allege that his claim falls under the Eighth Amendment, the Court will treat it as such.  Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

6

> deprivation of any rights, privileges,
> or immunities secured by the
> Constitution and laws, shall be liable
> to the party injured in an action at
> law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983 (1994).   Additionally, the Eighth

Amendment provides that, "[e]xcessive bail shall not be

required, nor excessive fines imposed, nor cruel and

unusual punishments inflicted."  U.S. Const. amend. VIII.

The Eighth Amendment's proscription against cruel and

unusual punishment prohibits prison officials from

exhibiting deliberate indifference to a substantial risk of

serious harm to an inmate.  *Farmer v. Brennan*, 511 U.S.

825, 828 (1994).

In *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,

489 U.S. 189 (1989), the Supreme Court summarized a state's

constitutional responsibilities with regard to inmates:

> [W]hen the State takes a person into its
> custody and holds him there against his
> will, the Constitution imposes upon it a
> corresponding duty to assume some
> responsibility for his safety and
> general well-being . . . . The rationale
> for this principle is simple enough:
> when the State by the affirmative
> exercise of its power so restrains an
> individual's liberty that it renders him
> unable to care for himself, and at the
> same time fails to provide for his basic
> human needs – *e.g.*, food, clothing,
> shelter, medical care, and reasonable
> safety – it transgresses the substantive

> limits on state action set by the Eighth
> Amendment and the Due Process Clause.

*Id.* at 189-200 (citations omitted).

In order to prevail on his Eighth Amendment claims, Plaintiff must prove three elements: "(1) a condition of confinement that inflicted unnecessary pain or suffering, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citations omitted), (2) the defendant's 'deliberate indifference' to that condition, *Wilson v. Seiter*, 501 U.S. 294 (1991) (citations omitted), and (3) causation, *Williams v. Bennett*, 689 F.2d 1370 (11th Cir. 1982) (citations omitted.)." *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

In *Sims v. Mashburn*, 25 F.3d 980, 983 (11th Cir. 1994), the court described the first two elements as follows:

> An Eighth Amendment claim is said to have two components, an objective component, which inquires whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and a subjective component, which inquires whether the officials acted with a sufficiently culpable state of mind.

The objective component of an Eighth Amendment claim inquires whether the alleged wrongdoing amounted to the infliction of "unnecessary pain or suffering upon the

prisoner." *LaMarca*, 995 F.2d at 1535.  This standard
requires that the alleged deprivation be "objectively,
'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting
*Wilson*, 501 U.S. at 298).  The objective standard "embodies
broad and idealistic concepts of dignity, civilized
standards, humanity, and decency . . ., but must be
balanced against competing penological goals." *LaMarca*,
995 F.2d at 1535 (quoting *Estelle v. Gamble*, 429 U.S. 97,
102 (1976) (internal quotation marks omitted)).

The subjective component of an Eighth Amendment claim
generally "inquires whether the officials acted with a
sufficiently culpable state of mind." *Sims*, 25 F.3d at
983-84 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).
This component "follows from the principle that 'only the
unnecessary and wanton infliction of pain implicates the
Eighth Amendment.'" *Farmer*, 511 U.S. at 834 (quoting
*Wilson* at 297).

In a prison condition case, the required state of mind
for a defendant is "deliberate indifference" to an inmate's
health or safety.  *Farmer*, 511 U.S. at 834 (citations
omitted).  In defining "deliberate indifference," the
Supreme Court in *Farmer* stated:

> We hold . . . that a prison official
> cannot be found liable under the Eighth
> Amendment for denying an inmate humane

> conditions of confinement unless the
> official knows of and disregards an
> excessive risk to inmate health or safety;
> the official must both be aware of facts
> from which the inference could be drawn that
> a substantial risk of serious harm exists,
> and he must also draw the inference.

*Id.* at 837.

The Court concluded that the "subjective recklessness" standard of criminal law is the test for "deliberate indifference" under the Eighth Amendment. *Id.* at 839-40. Moreover, there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not . . . ." *Id.* at 838. It is not enough that a plaintiff proves that the defendant should have known of the risk, even though he did not know; actual subjective knowledge is the key. *See, e.g.*, *Cottrell v. Caldwell,* 85 F.3d 1480, 1491 (11th Cir. 1996).

A prison official's duty under the Eighth Amendment is to ensure "reasonable safety," a "standard that incorporates due regard for prison officials' 'unenviable task of keeping dangerous men in safe custody under humane conditions.'" *Farmer*, 511 U.S. at 844-45 (citations omitted). "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Id.*

Having set forth the general legal principles relevant
to Plaintiff's claims, the Court now turns to the
application of those legal principles to the facts before
the Court.

a.   Failure to Protect

First, the Court notes that Plaintiff's allegations
are pled in a conclusory fashion.  As stated above, bare
bones allegations that are merely colorable and unsupported
by evidence are insufficient to withstand a summary
judgment review.  Even viewing the evidence in the light
most favorable to Plaintiff, the Court concludes that
Plaintiff fails to carry the burden of proof on at least
one element of his claim on which he would carry the burden
at trial.  Without supporting facts sufficient to bolster
the statement that Defendant Thomas actually knew inmate
Pogue would attack Plaintiff, such allegations cannot be
taken as true, and Defendant's Motion for Summary Judgment
should be granted.

However, should it be found that Plaintiff's
allegations are not conclusory, and, out of an abundance of
caution, the Court will engage in an Eighth Amendment
analysis.

Plaintiff's bare bones allegations that Defendant
Thomas knew Pogue would attack Plaintiff are insufficient

to state an Eighth Amendment violation of deliberate indifference for the following reasons.  In order to establish his burden on the objective element of an Eighth Amendment failure to protect claim, Plaintiff must establish that the conditions under which he was incarcerated presented "a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.  It is well-settled that "an excessive risk of inmate-on-inmate violence at a jail creates a substantial risk of serious harm . . . . And confinement in a prison where violence and terror reign is actionable." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1320 (11th Cir. 2005). However, "occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment." *Id.*  Moreover, a "prison custodian is not the guarantor of a prisoner's safety." *Id.* at 1321 (citations omitted). Thus, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  In sum, and as discussed above, a prison official's duty under the Eighth Amendment is to ensure "reasonable safety." *Id.* at 844 (citations omitted).

In the present case, Plaintiff has not alleged that he was exposed to a substantial risk of serious harm, such as the constant threat of inmate-on-inmate violence, *see Purcell,* 400 F.3d at 1320, or to any other condition that presented a substantial risk of serious harm.  *Farmer,* 511 U.S. at 834; *see also Hale v. Tallapoosa Cnty.,* 50 F.3d 1579, 1583 (11th Cir. 1995)("Hale established that, in the two years prior to the attack, that inmate-on-inmate violence occurred regularly). Failing to prove this essential element to his claim upon which he would carry the burden of proof at trial, the Court finds that Defendant Thomas' Motion for Summary Judgment is due to be granted; however, the Court will nonetheless address the remaining elements of deliberate indifference Plaintiff must prove to succeed on his Complaint.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that he is unable to prove the subjective element of his claim: that Defendant Thomas "actually knew" of a substantial risk of harm to him and disregarded that knowledge allowing him to be attacked by an inmate who warned he would attack Plaintiff.  Under the subjective component of the Eighth Amendment analysis, deliberate indifference requires that the prison official be aware of both the "facts from which the inference could

be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 387.

A prison official cannot avoid liability "by showing that . . . he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault. . . ." *Id.* at 843. However, Eighth Amendment liability may be avoided by showing: "(1) 'that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger;' (2) 'that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent;' or (3) that 'they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Daniels v. Baldwin Cnty. Corrs. Ctr., Rodriguez v. Sec'y Dept. of Corrs.,* 508 F.3d 611, 617-18 (11th Cir. 2007)(citation omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Hale*, 50 F.3d at 1583 (quoting *Farmer*, 511 U.S. at 842). "Thus, 'a factfinder may conclude that a prison official knew of a

14

substantial risk from the very fact that the risk was obvious.'" *Id.*

Plaintiff's allegations fail to raise a question of fact as to the subjective component.  Plaintiff's Complaint merely states that "[Pogue] had warned Officer Thomas he was going to attack me, and this officer did nothing to protect me from this assault by the inmate. . . . All the officer had to do was protect me from the attack and warn of the threat of attack from the inmate, but did neither." (Doc. 1 at 4-5).  Even a liberal construction of these allegations fails to demonstrate that Defendant Thomas was actually put on notice of a threat of actual harm, or was able to draw the inference that an attack might occur. Furthermore, Plaintiff relies on his own allegation that *inmate Pogue* gave Defendant the warning of the impending attack, rather than *Plaintiff* informing Defendant himself. If Plaintiff knew Pogue was an enemy, Plaintiff could have personally warned Defendant that he feared an attack from Pogue.  Plaintiff also could have gone through the classification process of making Pogue a member of Plaintiff's "validated enemies" list.  The record, though, is devoid of any existence of such a list.

Plaintiff also fails to offer any facts underlying the riff between him and Pogue.  As a result, the Court finds

15

that Plaintiff's non-disclosure of this is particularly damaging since knowledge of the identification of such enemies is required for guards to provide inmates with "reasonable safety." Vague allegations that an attack might occur by an inmate, or upon an inmate, are not sufficient to impute knowledge to an officer supervising an entire dormitory. "Threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Daniels,* at *8 (*citing Prater v. Dahm,* 89 F.3d 538, 541 (8th Cir. 1996).

In considering the evidence in its totality, *Rodriguez,* 508 F.3d 621, n. 15, Plaintiff has not enunciated, and the record does not reflect, any specific facts, such as previous altercations between Plaintiff and Pogue, or a history of bad blood between the two, which would have caused Defendant to be concerned about an assault on Plaintiff, had he actually been made aware of the situation. *Daniels,* at *9 (*citing McBride v. Rivers,* 170 Fed. App'x 648, 652 (11th Cir. 2006)("prisoner's complaint that 'me and that dude had problems. I'm in fear for my life . . .' did not amount to subjective knowledge of serious risk of harm existed)). Moreover, Plaintiff has not alleged any facts which even suggest the source of conflict between him and Pogue. *Id.* The record is devoid

of any evidence sufficient to indicate that Pogue made threats against Plaintiff, or that these threats were made known to Defendant Thomas.

Accordingly, the Court concludes that Plaintiff fails to prove that Defendant Thomas actually knew about the potential attack and failed to provide him with reasonable safety, and that Plaintiff fails to present evidence that he was being confined to a prison "where violence and terror reign[ed]" and where inmate-on-inmate violence abounded. *Purcell,* 400 F.3d at 1320.

## IV.  Conclusion

In conclusion, having found Plaintiff's evidence insufficient for a jury to reasonably find that Defendant Thomas knew of a substantial risk of harm to Plaintiff, that Defendant was deliberately indifferent to that risk, and that Defendant's conduct caused the deprivation of Plaintiff's constitutional rights, it is recommended that Defendant's summary judgment motion be granted and this action be dismissed with prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of

17

this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 1st day of October, 2015.

s/ BERT W. MILLING, JR
UNITED STATES MAGISTRATE JUDGE